**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| MARY E. OESTERLE, BY AND THROUGH SHARON STONER, Administrator of the Estate of Mary E. Oesterle, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 09-04010- JAR-KGS |
| ATRIA MANAGEMENT COMPANY, LLC, and A98 SENIOR, LLC, d/b/a Atria Hearthstone East, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COME NOW defendants Atria Management Company, LLC, and A98 Senior LLC, d/b/a Atria Hearthstone East, and in support of their Motion to Dismiss this action or, in the alternative, for an order ordering this matter to arbitration, submit this memorandum.

This action arises out of claims brought by the Estate of Mary E. Oesterle in regard to the care provided by defendants while Oesterle was a resident of Atria Hearthstone East, an assisted living facility. Plaintiff contends that the defendants were negligent in providing reasonable and adequate assisted living, nursing and health care to Oesterle, and that defendants violated the Kansas Consumer Protection Act in providing care to Oesterle.

At the time that Oesterle was admitted to Atria Hearthstone, she entered into a Residency Agreement. A copy of the Residency Agreement is attached hereto as Exhibit A. The agreement was signed by Sharon Stoner, under her power of attorney

1

for Oesterle.  (See Paragraph 24 of plaintiffs' Petition.)   Paragraph 7(j) of the Residency Agreement states:

> By signing this Agreement, both of us hereby agree that all claims, disputes, demands, or controversies arising out of or in any way relating to this Agreement or its breach or related to any act or omission committed by us or any of our employees in connection with any services that we may provide you while a resident of the Community will be submitted to binding arbitration in the state where the Community is located.  Such Arbitration will be conducted in accordance with the rules of the American Arbitration Association, applying the laws of the state where the Community is located.  Your agreement to arbitrate disputes arising under this Agreement or disputes arising out of or related to any services that we may provide you while a resident at the Community applies to any claim, dispute. demand or controversy, whether against the Community, its owners, operators, managers, employees, agents, officers and directors or affiliates or subsidiaries, and binds you, your legal representative, your responsible person(s), your spouse, estate and your heirs.  Any award rendered by the arbitrator shall be final and binding upon each of the parties, and judgment thereon may be entered in any court having jurisdiction over the parties.  The costs of any Arbitration proceeding shall be shared equally by both of us.  All current damages arising out of such claims or controversies shall also be incorporated into the initial filing or amendment thereto.

(Ex. A)

The Residency Agreement Signature Page further states above the signature lines that:

> You understand and agree that as a result of signing this Agreement, you agree to arbitrate any claims, disputes, demands, or controversies that you may have with the Community and that you are waiving your right to bring any such claim, dispute, demand or controversy in any federal, state or local court before any judge or jury.

(Ex. A)

2

Arbitration is a matter of contract; a party cannot be required to submit to arbitration any dispute which it has not agreed to submit. United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Where an agreement contains an arbitration clause, the court should not deny an order to arbitrate "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Warrior & Gulf, 363 U.S. at 582-583, 80 S.Ct. 1347.   In the "absence of any express provision excluding a particular grievance from arbitration, ... only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." Id. at 584-85, 80 S.Ct. 1347. Any doubts should be resolved in favor of coverage.

Generally courts seek to uphold arbitration agreements even where the contract provisions are somewhat uncertain and indefinite. *City of Lenexa, V. C.L. Fairley Construction Co.,* 245 Kan. 316, 319, 777 P.2d 851 (1989). An arbitration clause does not terminate with the contract. "Under the federal common law of arbitrability, an arbitration provision in a contract is presumed to survive the expiration of that contract unless there is some express or implied evidence that the parties intend to override this presumption." *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 781 (10th Cir. 1998). The presumption of continued arbitrability disappears in two situations: (1) where the parties expressly or clearly imply that they no longer want the arbitration clause to apply post-termination; or (2) where the dispute does not arise under the previous contract. *Id.* (citations omitted). In this case, the arbitration clause specifically provides that it applies to a resident's estate and his or her heirs, thus indicating it was intended to survive termination of the contract.  Further, the claims alleged "arise under"

the contract in that the contract involved services provided to Oesterle while a resident at Atria. A dispute "arises under" a previous contract when it "either involve[s] rights which to some degree have vested or accrued during the life of the contract and merely ripened after termination, or relate[s] to events which have occurred at least in part while the agreement was still in effect." *United Food & Commercial Workers Int'l Union v. Gold Star Sausage Co.*, 897 F.2d 1022, 1026 (10th Cir. 1990).

The Federal Arbitration Act applies to a written arbitration provision in "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Commerce is defined as "commerce among the several States." *Id.* § 1. The requirement that the underlying transaction involve commerce is to be broadly construed so as to be coextensive with congressional power to regulate under the Commerce Clause. *Foster v. Turley*, 808 F.2d 38, 40 (10th Cir. 1986). Thie transactions at issue in this case arise out of commerce. Defendants are limited liability companies organized under the laws of Kentucky. Defendants are operating assisted living facilities in Kansas which may provide services to non-residents of Kansas as well as residents.

Both federal and state courts have concluded that the Federal Act controls despite a choice of law provision. *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1269 (7th Cir. Ill. 1976). See also *Huber, Hunt & Nicols Inc. v. Architectural Stone Co.,* 625 F.2d 22, 25-26, n. 8 (5th Cir. 1980). In *Lutz v. Right Time Holdings, LLC*, 2008 U.S. Dist. LEXIS 23324, 6-7 (D. Kan. Mar. 21, 2008), plaintiffs contended that arbitration should not be required since their claims sounded in tort, and tort claims are not arbitrable under Kansas law. The court pointed out that "[a]n agreement to arbitrate tort claims is enforceable under federal law. 9 U.S.C. § 1 et seq. See *Skewes*

*v. Shearson Lehman Bros.*, 250 Kan. 574, 581, 829 P.2d 874, 879 (1992) (FAA permits arbitration of tort claims). In contrast, under the Kansas Uniform Arbitration Act, tort claims such breach of fiduciary duty is not subject to arbitration. See K.S.A. § 5-401(c)." The district court found that federal law governs arbitrability of the agreements in question, even though they made general reference to the applicability of Kansas law. The court noted that the emphatic warning notices in the agreements did not state that the scope of the arbitration agreements were *subject* to the KUAA.

In *Housh v. Dinovo Invs.*, 2003 U.S. Dist. LEXIS 3707 (D. Kan. Mar. 7, 2003), the court said that "the FAA allows parties who agree to arbitrate to exclude certain claims from the scope of their arbitration agreement or agree to follow state rules of arbitration. See *Volt*, 489 U.S. at 478. Absent a clear contractual intent to exclude certain claims or to follow a different substantive law, however, the FAA controls, with its presumption of arbitration." *Housh*, 2003 U.S. Dist. LEXIS 3707, 2003 WL 1119526 at *6, citing *Mastrobuono*, 514 U.S. at 59.

The Federal Arbitration Act is applicable to the claims in this case. The contract between the parties calls for "all claims, disputes, demands, or controversies arising out of or in any way relating to this Agreement or its breach or related to any act or omission committed by us or any of our employees in connection with any services that we may provide you while a resident of the Community will be submitted to binding arbitration." Arbitration is not limited to questions of contract, but to all claims. A party may not avoid a contractual arbitration clause merely by casting its complaint in tort. All claims with a significant relationship to the agreement, regardless of the label attached to them, arise out of and are related to the agreement. In this

case, the arbitration provision is inclusive of the claims alleged here. Thus, the claims at issue should be arbitrated.

## **CONCLUSION**

Defendants request the court dismiss this action, or in the alternative, order that plaintiffs' claims be submitted to arbitration. The Residence Agreement unambiguously requires that all claims of any kind be submitted to arbitration. The Federal Arbitration Act controls in this situation, and under the Federal Arbitration Act, tort claims are subject to arbitration.

> Respectfully submitted,
>
> BY  s/ Shaye L. Downing
>   Arthur A. Glassman, # 6162
>   Shaye L. Downing, #22152
>   SLOAN, EISENBARTH, GLASSMAN,
>     McEntire & Jarboe, L.L.C.
>   1000 Bank of America Tower
>   534 S. Kansas Avenue
>   Topeka, Kansas 66603
>   (785) 357-6311; fax (785) 357-01152
>   aglassma@sloanlawfirm.com
>   sdowning@sloanlawfirm.com
>   Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January, 2009, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following parties:  none.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Margaret Farley
900 Massachusetts, Suite 600
Lawrence, KS 66044

                                          s/ Shaye L. Downing
                                             Arthur A. Glassman, # 6162
                                           Shaye L. Downing, #22152
                                           SLOAN, EISENBARTH, GLASSMAN,
                                             McEntire & Jarboe, L.L.C.
                                           1000 Bank of America Tower
                                           534 S. Kansas Avenue
                                           Topeka, Kansas 66603
                                           (785) 357-6311; fax (785) 357-01152
                                           aglassma@sloanlawfirm.com
                                           sdowning@sloanlawfirm.com
                                           Attorneys for Defendants